UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LATOYA K. DUNN, ON BEHALF OF
K.D.                                                    CIVIL ACTION

VERSUS                                                  NUMBER 13-408-JJB-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 11, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LATOYA K. DUNN, ON BEHALF OF
K.D.                                    CIVIL ACTION

VERSUS                                  NUMBER 13-408-JJB-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

## MAGISTRATE JUDGE'S REPORT

Plaintiff Latoya K. Dunn brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review and appeal of a final decision of the Acting Commissioner of Social Security (Commissioner), Carolyn W. Colvin, denying the claim for supplemental security income (SSI) benefits she filed on behalf of her daughter, K.D. (hereafter, referred to as the plaintiff).

Based on the standard of judicial review under § 405(g), a careful review of the entire administrative record as a whole, and the analysis that follows, the Commissioner's decision should be affirmed.

### Standard of Review and Applicable Law

The court's review of the Commissioner's final decision is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). If substantial evidence supports the Commissioner's findings, they are

conclusive and must be affirmed. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Harris*, *supra*. In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

An individual under the age of 18 is considered disabled if

2

that individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(I); *Harris*, 209 F.3d at 418.  A three step sequential analysis is used to evaluate claims for children's SSI benefits.  These steps are: (1) Is the claimant engaged in substantial gainful activity? (2) Does the claimant have a severe impairment or combination of impairments? (3) Does the claimant's impairment meet, medically equal, or functionally equal in severity a listed impairment in Appendix 1?  20 C.F.R. § 416.924(a)-(d).

At the third step, if a claimant's impairments do not meet or medically equal any listing, a determination is made as to whether the impairments result in limitations that functionally equal a listing.  20 C.F.R. § 416.926a(a).  Functional equivalency requires consideration of how the claimant functions in terms of six domains, which are broad areas of functioning intended to capture all of what a child can or cannot do.  The six domains are: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(I)-(vi).  A claimant's impairments functionally equal the listings if they are of listing-level

3

severity. Impairments are of listing-level severity if the claimant has marked limitations in two domains, or an extreme limitation in one domain. 20 C.F.R. § 416.926a(d).

Limitation in a domain is "marked" when impairments interfere seriously with the claimant's ability to independently initiate, sustain, or complete activities. Daily functioning may be seriously limited when impairments limit only one activity or when the interactive and cumulative effects of impairments limit several activities. Marked limitation is more than moderate, but less than extreme. Extreme limitations in a domain occur when a claimant's impairments interfere very seriously with the ability to independently initiate, sustain or complete activities. An extreme limitation means more than marked, and is also the rating given to the worst limitations. However, this does not necessarily mean a total lack or loss of ability to function. 20 C.F.R. § 416.926a(e)(2)(I) and 3(I).

**Background and Claims of Error**

An application was filed on behalf of the plaintiff for children's SSI benefits on December 29, 2010, claiming that the plaintiff was disabled beginning April 2006 due to behavior and mental impairments. AR pp. 124-29. The application was denied and the plaintiff requested a hearing before an administrative law judge (ALJ). A hearing was held before the ALJ and the ALJ issued an unfavorable decision. AR pp. 10-53.

The ALJ found at the second step of the claim evaluation process that the plaintiff's impairment of attention deficit hyperactivity disorder (ADHD), was severe. However, the ALJ determined at the third and final step that the plaintiff's impairments did not meet any of the listed impairments found in 20 C.F.R. Ch. III, Pt. 404, Subpt. P, Appendix 1, Part B, nor did they medically or functionally equal any listed impairment. AR pp. 13-14. On the issue of functional equivalency the ALJ concluded that the plaintiff had no limitations in the domains (areas) of functioning, moving about and manipulating objects, caring for herself, and health and physical well-being. The ALJ found less than marked limitations in the domains of acquiring and using information, and attending and completing tasks. But the ALJ did find marked limitations in the domain of interacting and relating with others. AR pp. 18-23. Because the plaintiff did not have marked limitations in two domains, or an extreme limitation in one domain, the ALJ found the plaintiff did not have impairments that functionally equaled the listings. Therefore, his decision rendered on March 22, 2012 was the plaintiff was not disabled and not entitled to SSI benefits. When the Appeals Council denied the plaintiff's request for review the decision of the ALJ became the final decision of the Commissioner. Plaintiff was 12 years of age at the time of the Commissioner's final decision. Plaintiff exhausted her administrative remedies before filing this action for

judicial review.

In the Plaintiff's Memorandum in Support of Appeal[1] she plaintiff argued that the following errors require reversal and remand under sentence four of § 405(g): (1) the ALJ erred by not evaluating and finding that her depression and disruptive behavior disorder are severe impairments; (2) the ALJ erred in finding she did not meet or medically equal Listing 112.11 for ADHD; and (3) the ALJ erred in finding no limitation in the domain of caring for yourself, and less than marked limitations in the domain of attending and completing tasks.

## Analysis

Review of the entire administrative record as a whole and the analysis below shows that the plaintiff's claims that error are without merit and that substantial evidence supports the ALJ's findings.

> **Plaintiff's claim of error at the second step is not supported by the record and does not require reversal of the ALJ's decision.**

Plaintiff argued the ALJ failed to address the severity of her depression and disruptive behavior disorder, and should have found they were severe impairments along with her ADHD. Plaintiff argued further that the harm from this error requires reversal because the failure to do so means the ALJ did not consider the limitations

---

[1] Record document number 10.

caused by these impairments when evaluating disability at the third step, i.e. whether her impairments meet, medically equal, or functionally equal in severity a listed impairment in Appendix 1. The Commissioner acknowledged that the ALJ found the only severe impairment was ADHD. However, the Commissioner argued (1) that substantial evidence supports the conclusion her depression and disruptive behavior disorder were not severe impairments, and (2) because the ALJ did not end his disability analysis at step two, any failure to address and make a finding as to the severity of these impairments was harmless error.

Review of the record and the applicable legal standards supports the Commissioner's argument. The record reflects that during the relevant time period,[2] the plaintiff received various diagnoses for her behavior/mental disorders, including ADHD, depression and disruptive behavior disorder. Sometimes all of these were listed in a treatment record or report, and sometimes only one or two of them were included in the report. As the plaintiff pointed out, and the Commissioner acknowledged, in this case the ALJ found at step two that the plaintiff's ADHD was a severe impairment. The ALJ did not specifically analyze and make a finding that the other impairments were nonsevere, but depression and disruptive behavior disorder were not included as severe

---

[2] For SSI cases the relevant time period is from the date of the plaintiff's application through the date of the Commissioner's final decision.

7

impairments in the ALJ's finding number three. AR p. 13. Therefore, the record supports the plaintiff's argument that the ALJ found these two impairments were nonsevere.

Substantial evidence supports the nonseverity of these impairments, and even if the step two finding was in error, the error is harmless.[3] The evidence cited by the Commissioner shows that the plaintiff's depression and disruptive behavior disorder were not severe.[4] Furthermore, a review of the record and the ALJ's decision shows if the ALJ's nonseverity conclusion was erroneous, the plaintiff's substantial rights were not affected. The harmless nature of the error is established by the fact that the ALJ did not terminate his analysis at step two. Whether or not the depression and disruptive behavior disorder were severe impairments, as required by the regulations cited in his decision, at step three the ALJ considered the evidence of these impairments,

---

[3] Procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). Harmless error analysis applies when an ALJ fails to comply with a regulation. *See, Newton*, 209 F.3d at 459, citing, *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981); *Shave v. Apfel*, 238 F.3d 592, 596-597 (5th Cir.2001); *Frank*, 326 F.3d at 622. An error is harmless unless there is reason to think that remand might lead to a different result. *Ellwood v. Astrue* 2009 WL 2526427, 3 (M.D.La., August 18, 2009).

[4] Record document number 12, Defendant's Opposition Memorandum, pp. 5-8.

8

as well as the plaintiff's ADHD impairment, in evaluating the effects/limitations caused by all three impairments. AR pp. 13-24. The ALJ affirmatively stated in his decision, and his analysis demonstrates, that he properly considered the interactive and cumulative effects of all diagnosed impairments in determining at the third step whether the plaintiff's combination of impairments met, medically equaled or functionally equaled the severity of a listed impairment.[5] AR p. 14. Because it is apparent that the ALJ considered all the impairments and their effects in determining the plaintiff's limitations in each of the domains of functioning, any error in failing to find the plaintiff's depression and disruptive behavior disorder were severe impairments was a harmless error.[6]

---

[5] The ALJ stated in relevant part as follows:
As provided in 20 CFR 416.926a(b) and ©) and explained in SSR 09-1p, the undersigned has evaluated the "whole child" in making findings regarding functional equivalence. The undersigned has first evaluated how the child functions in all settings and at all times, as compared to other children the same age who do not have impairments. The undersigned has also assessed the interactive and cumulative effects of all the claimant's medically determinable impairments(s), including any impairments that are not "severe" in all of the affected domains.
AR p. 14.

[6] *See*, *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012); *Herrera v. Commissioner of Social Sec.*, 406 Fed.Appx. 899(5th Cir. 2010); *Dise v. U.S. Comm'r of Social Security,* 2015 WL 566862 (W.D. La., Feb. 10, 2015)(because the ALJ considered all of plaintiff's alleged medically determinable impairments in his opinion, any failure to make a particular finding on the severity of the generalized anxiety disorder, depression and scoliosis at step two was harmless); *Earl v. Colvin,* 2014 WL 1281452 (N.D. Tex., March 28, 2014).

9

**Plaintiff failed to establish the ALJ erred in finding her impairments did not meet, medically equal, or functionally equal a listed impairment.**

Citing *Audler v. Astrue*,[7] the plaintiff argued that the ALJ failed to adequately explain how he concluded the limitations caused by her impairments were not severe enough to meet Listing 112.11. Plaintiff argued further that this error was not harmless because the record establishes she had marked inattention, impulsiveness and hyperactivity, as well as marked limitations in social functioning and marked difficulties in maintaining concentration, persistence and pace. Plaintiff maintained that the record does not contain substantial evidence to support the contrary finding made by the ALJ.

Review of the evidence cited by the plaintiff and the record as a whole demonstrates that this claim of error is without merit. To satisfy the requirements of Part A of Listing 112.11, a claimant must produce medically documented findings of all three of the following: (1) marked inattention; (2) marked impulsiveness; and, (3) marked hyperactivity. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.11. To meet or medically equal the criteria for paragraph B of the Listings, children aged 3 to 18 must meet at least two of the appropriate age-group criteria in paragraph B2 of Listing 112.02. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 112.08, 112.11. The age-appropriate criteria in Listing 112.02(B)(2) requires at least

---

[7] 501 F.3d 446 (5th Cir. 2007).

two of the following: (1) marked impairment in age-appropriate cognitive/communication function; (2) marked impairment in age-appropriate social functioning; (3) marked impairment in age-appropriate personal functioning; or (4) marked difficulties in maintaining concentration, persistence, or pace.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.02(B)(2).  Under the regulations limitations are marked when impairments interfere seriously with the claimant's ability to independently initiate, sustain, or complete activities. A marked limitation is more than moderate, but less than extreme.  20 C.F.R. § 416.926a(e)(2)(I).

Review of the records cited by the plaintiff reveals evidence of the plaintiff's ADHD diagnosis and that the plaintiff exhibited impulsiveness, was impaired in her ability to maintain attention, and in her relationships with peers, teachers and parents.[8]  Yet, the evidence does not unequivocally demonstrate the medically documented findings which establish that the plaintiff's limitations in these areas reached the marked level required to satisfy all the requirements of Part A of the listing and at least two of the criteria of Part B.  Moreover, substantial evidence contained in the record as a whole supports the ALJ's finding that the plaintiff's ADHD impairment did not meet or medically equal Listing 112.11.  The same evidence supports the ALJ's findings in the six domains relevant in determining functional equivalence -

---

[8] Plaintiff's Memorandum in Support of Appeal, pp. 20-23.

acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being. This evidence is found in the reports of state agency psychological consultants Suzanne Castro and Kelly Ray, and the reports from the consultative examinations performed by psychologists Fred L. Tuton, Ivory L. Toldson and James A. Van Hook, III, as well as the plaintiff's school and mental health treatment records.[9] That the plaintiff can cite evidence in these reports and other parts of the record which support her arguments does not negate the substantial evidence in the record underlying the ALJ's findings at the third step.

**Conclusion**

It is not necessary that all of the evidence support the ALJ's conclusions. Nor does the existence of some evidence in the record supporting the claimant's position require reversal of the Commissioner's decision.[10] When the proper legal standards were

---

[9] AR pp. 64-68, 254-61, 310-11, 336-37, 158, 206, 210, 215, 219, 266-68, 272-73, 275, 277, 286, 341, 380, 405-08, 412.

[10] *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palomino v. Barnhart,* 515 F.Supp.2d 705, 710 (W.D. Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact Commissioner's decision upheld as long as there is substantial evidence to support it).

applied and there is substantial evidence in the record as a whole supporting the Commissioner's decision it must be affirmed.

Review of the administrative record demonstrates that the ALJ applied the proper legal standards, and his finding that the plaintiff's combination of impairments do not meet, medically equal or functionally equal any listed impairment found in 20 C.F.R. Pt. 404, Subpart P, Appendix 1, Part B is supported by substantial evidence. Therefore, the Commissioner's final decision that the plaintiff's impairments do not satisfy the standard for children's SSI disability should be upheld.

## RECOMMENDATION

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g) the final decision of the Acting Commissioner of Social Security, Carolyn W. Colvin, denying the application for supplemental security income (SSI) benefits filed by Latoya K. Dunn on behalf of her daughter, K.D., be affirmed and this action be dismissed.

Baton Rouge, Louisiana, March 11, 2015.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE